UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY<br><br>PLAINTIFF<br><br>VS.<br><br>CROSSROADS PRAYER RETREAT<br><br>SERVE: CROSSROADS PRAYER RETREAT<br>830 WILLIAMS RD<br>MICHIE, TN 38357<br><br>AND<br><br>VIRGINIA HOLLAND<br><br>SERVE: 1245 S. LIBERTY RD<br>MICHIE, TN 38357<br><br>AND<br><br>TIMOTHY HALL<br><br>SERVE: 915 DESCO LN, APT 5314<br>GRAND PRAIRIE, TX 75051<br><br>DEFENDANTS | **CASE NO.** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, West Bend Insurance Company, by counsel, and for its Complaint for Declaratory Judgment against the Defendants, Crossroads Prayer Retreat, Virginia Holland, and Timothy Hall, states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. In accordance with Fed. R. Civ. P. 57, 28 U.S.C. § 2201-2202 *et seq.* and Tenn. Code Ann. § 29-14-101 *et seq.*, this Court has the power and authority to grant or issue judgments for declaratory relief in cases over which it has jurisdiction, or the Court deems declaratory relief to be appropriate.

2. Plaintiff, West Bend Insurance Company (hereinafter "West Bend"), is a corporation formed in the State of Wisconsin, with its principal place of business in the State of Wisconsin, and is authorized to do, and does, transact business within the State of Tennessee, the state where the relevant insurance policy was issued. West Bend is deemed a citizen of Wisconsin for jurisdictional purposes.

3. Defendant, Crossroads Prayer Retreat, is a Tennessee nonprofit corporation with a principal place of business in Tennessee. It is deemed a resident of Tennessee for jurisdictional purposes.

4. Defendant, Virginia Holland, is an individual who resides in the State of Tennessee and is deemed a citizen of Tennessee for jurisdictional purposes.

5. Defendant, Timothy Hall, is an individual who resides in the State of Texas and is deemed a citizen of Texas for jurisdictional purposes.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

8. This Court may exercise personal jurisdiction over each of the Defendants.

9. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

**FACTS**

10. West Bend re-alleges, re-avers, reiterates and incorporates by reference as if set forth fully herein, each and every preceding paragraph of this Complaint for Declaratory Judgment.

11. On December 5, 2024, Jimmy Kevin Hancock and Scott and Kayla Farley, on behalf of their minor child, C.F. (hereinafter "Underlying Plaintiffs") filed a lawsuit in the McNairy County Circuit Court, styled *Jimmy Kevin Hancock, Scott & Kayla Farley vs. Timothy Hall, Crossroads Prater Retreat & Virginia Jones Holland*, Case No. 24-CV-55 (hereinafter the "Underlying Litigation"), against Defendants Timothy Hall, Crossroads Prayer Retreat, and Virginia Jones Holland. The Complaint which initiated the Underlying Litigation asserts allegations of negligence, intentional assault, intentional battery, and intentional infliction of emotional distress, and seeks punitive damages, against Timothy Hall and his purported employers Virginia Jones Holland and Crossroads Prayer Retreat arising from a December 27, 2023, incident. A copy of the Complaint filed in the Underlying Litigation is attached hereto as **Exhibit A.**

12. In the Underlying Litigation, the Underlying Plaintiffs assert that Timothy Hall is an employee of Defendants Crossroads Prayer Retreat and Virginia Jones Holland.

13. The Underlying Plaintiffs further allege that on December 27, 2023, they were injured in their side-by-side UTV while backing out of a drive located on Crossroads Prayer Retreat property after Timothy Hall intentionally ran into them with his vehicle, causing their UTV to roll.

14. In the Underlying Litigation, the Underlying Plaintiffs allege that, as a result of the incident, they suffered severe injuries including a broken collarbone, pain and soreness of the back, sprained ligaments, muscle strains, and the inability to continue wearing a prosthetic arm.

15. In the Underlying Litigation, the Underlying Plaintiffs allege that their injuries were the result of intentional and negligent acts on behalf of Defendant, and they seek punitive damages and attorney fees against Timothy Hall, Crossroads Prayer Retreat, and Virginia Jones Holland.

16. West Bend issued a Commercial Lines Policy which included Commercial General Liability ("CGL") coverage to "Virginia Jones Holland DBA Crossroads Prayer Retreat," policy no. A709800 03, effective February 10, 2023, to February 10, 2024. A certified copy of the policy is attached hereto as **Exhibit B.**

17. The Defendants, Crossroads Prayer Retreat, Virginia Holland, and Timothy Hall, have sought indemnity and a defense under the West Bend policy. West Bend is currently providing a defense for the Underlying Litigation under a Reservation of Rights.

18. An actual controversy exists because the Defendants have sought indemnity and defense under the West Bend policy for the damages sought by Jimmy Kevin Hancock and Chandler Farley in the Underlying Litigation.

19. Given the extensive nature of the Underlying Plaintiffs' alleged injuries, the fact that they seek both compensatory and punitive damages, and the limit of the relevant policy, which is $1,000,000 per occurrence, the amount in controversy exceeds $75,000.

## COUNT I

20. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

21. West Bend's policy provides coverage for "bodily injury" caused by an "occurrence."

22. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

23. "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

24. To the extent the Underlying Plaintiffs' claims are for intentional conduct, they do not qualify as an "occurrence," and such claims are not covered by the West Bend policy.

## COUNT II

25. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

26. West Bend's policy excludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured."

27. To the extent that Underlying Plaintiff's claims are for "bodily injury" "expected or intended from the standpoint of the insured," such claims are excluded by the West Bend policy.

## COUNT III

28. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully here, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

29. West Bend's policy excludes coverage for "bodily injury" arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

30. "Auto" is defined as follows:

*"Auto" means:*

*a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or*

*b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.*

*However, "auto" does not include "mobile equipment".*

31. To the extent that the Underlying Plaintiff's claims are for "bodily injury" which arose out of the "ownership, maintenance, use or entrustment to others" of an "auto," such claims are excluded by West Bend's policy.

**<u>COUNT IV</u>**

32. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully here, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

33. West Bend's policy identifies "Virginia Jones Holland DBA Crossroads Prayer Retreat" as the named insured and further states the named insured is an individual.

34. The CGL policy further defines who is an insured as follows:

*Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or our managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*

35. West Bend's policy defines "employee" as follows:

*"'Employee' includes a 'leased worker'. 'Employee' does not include a 'temporary worker'."*

36. "Temporary worker" is defined as follows:

*"Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.*

37. West Bend's policy defines "volunteer worker" as follows:

*"Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.*

38. To the extent that Timothy Hall was not an "employee" or "volunteer worker" of Crossroads Prayer Retreat or Virginia Jones Holland at the time of the incident which is the subject of the Underlying Litigation, he is not an insured, and there is no coverage for the Underlying Plaintiffs' claims.

39. Even if Timothy Hall were an "employee" of Virginia Jones Holland or Crossroads Prayer Retreat, to the extent that he was not acting within the scope of his employment at the time of the incident which is the subject of the Underlying Litigation, there is no coverage under West Bend's policy.

**COUNT V**

40. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully here, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

41. The "limitation of coverage to designated premises or project" endorsement to the CGL policy limits coverage to "bodily injury" arising out of an "occurrence" that takes place within the premises listed as "269 Poindexter Rd, Michie, TN 38357."

42. To the extent that the incident which is the subject of the Underlying Litigation did not take place on the "premises," such claims are not covered by West Bend's policy.

**COUNT VI**

43. West Bend re-alleges, re-avers, reiterates, and incorporates by reference as set forth fully herein, each and every averment within the preceding paragraphs of this Complaint for Declaratory Judgment.

44. West Bend reserves the right to deny any and/or all claims that have been made, or which may be made in the future, by one or more of the Defendants in this action and/or parties to the Underlying Litigation if West Bend later determines that said claims can be denied under any provision of the applicable insurance policy, including, but not limited to the terms, conditions, exclusions, and/or other policy provisions not specifically set forth herein.

45. West Bend specifically reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to the Defendants as it may be applicable to any claim arising out of the facts of this litigation by any individual and/or entity.

WHEREFORE, the Plaintiff, West Bend Insurance Company, prays the Court as follows:

1. For entry of a Declaratory Judgment from this Court, declaring that the Plaintiff, West Bend Insurance Company, has no duty to defend or indemnify Virginia Jones Holland, Crossroads Prayer Retreat, or Timothy Hall for any damages sought in the Underlying Litigation;

2. For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

3. For a trial of this cause by Jury; and,

4. For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC

*/s/ Elizabeth M. Bass*

Elizabeth M. Bass (TN BPR 035570/ KBA 92461)
700 East Main Street, Suite 201
Hendersonville, TN 37075
Telephone: (615) 919-9090
Facsimile: (859) 219-9292
Email: Elizabeth@Richardsonlawgrp.com
COUNSEL FOR PLAINTIFF