UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WEST BEND INSURANCE
COMPANY,

     Plaintiff,

v.                                                                      Case No. 1:25-cv-01218-STA-jay

CROSSROADS PRAYER RETREAT,
VIRGINIA HOLLAND, and
TIMOTHY HALL,

     Defendants.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff West Bend Insurance Company ("West Bend") filed this declaratory judgment action against Defendants Crossroads Prayer Retreat, Virginia Holland, and Timothy Hall seeking a declaration that it has no duty to defend Defendents in the Underlying Litigation in state court (as described below) or to indemnify Defendants for any damages sought in the Underlying Litigation. Jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff has filed a motion for judgment on the pleadings. (ECF No. 17.) Defendants have responded to the motion (ECF No. 24), and Plaintiff has filed a reply to the response. (ECF No. 25.) For the reasons set forth below,  Plaintiff's motion is **GRANTED**.

Standard of Review

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  Courts must accept as true all well-pleaded factual allegations, but they need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009.) The well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id.* at

679. Pleaded facts must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Pleaded facts do not plausibly give rise to an entitlement to relief if they "are 'merely consistent with' a defendant's liability." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Defendants have attached two affidavits to their response, as well as the offense/incident from the underlying accident. (Exhs. ECF Nos. 24-2, 3, 4.)  The Court in *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020), explained why this is improper. In that case, the plaintiffs argued that the defendants' motion for judgment on the pleadings should have been converted to a summary judgment motion because they (plaintiffs) had attached matters outside the pleadings to their response.  The *Bates* Court rejected this argument.

> To begin with, the argument offers a roadmap to sidestep meritorious motions for judgment on the pleadings under Rule 12(c) (or motions to dismiss under Rule 12(b)(6)): attach evidence to the opposition brief and then demand time for discovery. Yet it is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings. This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion. "The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2], LEXIS (database updated 2020).

> If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. *See* Fed. R. Civ. P. 15(a). Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint. "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Because the [plaintiffs] did not file a motion to amend (or even request an opportunity to do so), the district court could properly disregard the new evidence.

2

*Bates*, 958 F.3d at 483–84 (some citations omitted). Accordingly, the Court will strike the exhibits

(ECF Nos. 24-2, 3, 4) that Defendants submitted with their response.

<u>Background/Factual Allegations</u>

This case presents a dispute regarding insurance coverage available to Defendants under a

policy issued by Plaintiff West Bend. The alleged covered event occurred on December 27, 2023,

in McNairy County, Tennessee.  According to a Complaint filed in the Circuit Court of McNairy

County, Tennessee ("Underlying Complaint"), on the date in question, Jimmy Kevin Hancock was

operating a "side-by-side" utility vehicle in which a minor, C.F., was a passenger. The Underlying

Complaint alleges that Timothy Hall, a defendant in both the Underlying Litigation and the present

declaratory judgment action, while acting as an "agent/employee of Crossroads Prayer Retreat,"

either intentionally or negligently caused the vehicle he was driving to collide with the side-by-

side.

Each of the allegations in the Underlying Complaint are based on Hall's use of a motor

vehicle.  (ECF No. 1-1.)

> 33. Hall, while acting within his role as the overseer of the land, owed Plaintiffs a duty of care to not accelerate his vehicle towards Hancock's side-by-side and/or collide with Hancock's side-by-side.

> 34. Hall's acceleration of his vehicle towards Hancock's side[-]by[-]side and/or colliding with Hancock's side-by-side, while acting within his role as the overseer of the land, falls below the standard of care of a reasonable prudent person operating a vehicle.
> …
> 43. On December 27, 2023, Hall committed battery against the Plaintiffs by colliding with Hancock's side-by-side.
> …
> 47. Hall intentionally and maliciously accelerating [sic] his vehicle towards Plaintiffs and/or colliding with Hancock's side-by-side, causing Plaintiffs to reasonably fear imminent bodily injury.

> 48. A reasonable person would regard someone accelerating a vehicle towards them and/or colliding into them with a vehicle as extremely offensive.

3

…

58. Hall intentionally inflicted severe emotional distress to Plaintiffs through intentionally accelerating a vehicle towards Plaintiffs and/or said colliding with Plaintiffs.

59. Hall hitting Thompson [sic] accelerating his vehicle toward Plaintiffs and/or said colliding with Plaintiffs was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious an utterly intolerable in a civilized community.

…

65. Hall's conduct of accelerating his vehicle toward Plaintiffs and/or colliding with Plaintiffs, causing said injuries to Plaintiffs, respectively, was intentional and malicious.[1]

Hall was allegedly "employed by Co-Defendants Virginia Holland and Crossroads Prayer Retreat as the overseer of the land owned by Crossroads Prayer Retreat and Holland …" at the time of the accident, and, thus, they are allegedly vicariously liable for Hall's actions. As a result of the collision, Hancock and C.F. allege that they sustained bodily injuries.

In their answer in the present action (ECF No. 12), Defendants admit the following:

• The Underlying Plaintiffs filed suit against the Defendants, asserting claims of negligence, intentional assault, intentional battery, and intentional infliction of emotional distress, and seeking damages as a result.

• The Underlying Plaintiffs allege that they suffered bodily injuries as a result of Hall's operation of a vehicle as they exited a drive in a "side-by-side."

• West Bend's policy, under which they have sought a defense and indemnity, excludes coverage for "bodily injury" arising out of the "ownership, maintenance, use or entrustment to others of any … 'auto' … owned or operated by or rented or loaned to any insured."

• The policy defines "auto" as, "A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or … Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged."

However, Defendants contend, in their answer, that they should still be afforded a defense:

---

[1] Similar allegations are made about the cause of C.F.'s injuries.

> Since the Plaintiffs['] allegations in the underlying litigation are unclear on whether they are claiming bodily injury arising out of the ownership, maintenance, and entrustment to others of an auto, the insured are entitled to a defense in the underlying litigation from West Bend Insurance Company.

(Answer, para. 31, ECF No. 12.)

The dispute revolves around a policy of insurance issued by West Bend to named insured "Virginia Holland DBA Crossroads Prayer Retreat," policy no. A709800 03, with an effective policy period of February 10, 2023, to February 10, 2024. (ECF No. 1-2.) The relevant coverage is Commercial General Liability coverage.

Section I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against and "suit" seeking damage for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
. . .
b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

2. Exclusions

This insurance does not apply to:
…

g. Aircraft, **Auto** or Watercraft

"Bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **"auto"** or watercraft owned or operated by or rented or loaned to any insured.
. . .

> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, **"auto"** or watercraft that is owned or operated by or rented or loaned to any insured.

(Policy, PageID 87-90, ECF No. 1-2 (emphases added.))

West Bend has agreed to defend Hall, Holland, and Crossroad Prayer Retreat in the Underlying Litigation under a complete reservation of rights. In the present action, West Bend contends that, on the face of the pleadings, including the Complaint for Declaratory Judgment, the exhibits to the Complaint for Declaratory Judgment, and Defendants' Answer, it is evident that there is no coverage under the applicable insurance policy. Thus, it owes no duties of defense or indemnity in the Underlying Litigation.

Legal Standard/Analysis

In a diversity action, such as this lawsuit, the Court must apply the relevant state substantive law. *See*, *e.g.*, *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Accordingly, Tennessee substantive law applies in this case to questions of application of the insurance policy to the underlying claims.

Defendants have not disagreed with Plaintiff's recitation of the relevant law, nor has Plaintiff disagreed with the legal propositions cited by Defendants.

> [W]hether a duty to defend arises depends solely on the allegations contained in the underlying complaint. *St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn.1994) (quoting *Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 249 (Me.1977)). Accordingly, the insurer has a duty to defend when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery. *Id.* The duty to defend arises if even one of the allegations is covered by the policy. *See Drexel Chem. Co. v. Bituminous Ins. Co.*, 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996). The duty to defend is broader than the duty to indemnify because the duty to defend is based on the facts alleged, while the duty to indemnify is based upon

6

the facts found by the trier of fact. *Torpoco*, 879 S.W.2d at 835. Any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured. *Dempster Bros., Inc. v. U.S. Fid. & Guar. Co.*, 54 Tenn. App. 65, 388 S.W.2d 153, 156 (1964).

*Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007).

Furthermore,

[i]n Tennessee, courts construe insurance policies "using the same tenets that guide the construction of any other contract." *See Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012). The primary goal is to ascertain and give effect to the parties' intent. *See Martin v. Powers*, 505 S.W.3d 512, 517 (Tenn. 2016) (citing *Garrison*, 377 S.W.3d at 664). Courts endeavor to give policy terms their plain and ordinary meaning. *See id.* The plain and ordinary meaning "is the meaning which the average policy holder and insurer would attach to the policy language." *S. Trust Ins. Co. v. Phillips*, 474 S.W.3d 660, 667 (Tenn. Ct. App. 2015) (internal quotation marks omitted).
…

"[C]ontracts of insurance are strictly construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls." *Garrison*, 377 S.W.3d at 664 (citation omitted). "However, a strained construction may not be placed on the language used to find ambiguity where none exists." *Id.* (internal quotations omitted).

*Johnson v. State Farm Fire & Cas. Co.*, 572 F. Supp. 3d 454, 457–58 (W.D. Tenn. 2021).

"In any event, the pleading test for determination of the duty to defend is based exclusively on the facts as *alleged* rather than on the facts as they actually are[.]" *Torpoco*, 879 at 835 (emphasis in original). "To determine whether an insurance policy requires the insurer to defend the insured in a related lawsuit, a court does not question the merits of the related lawsuit, or act as a fact-finder; rather, it accepts the pleadings in the related lawsuit as true." *Guideone America Insurance Company v. Perry*, 2016 WL 7497583, at *3 (W.D. Tenn. Apr. 12, 2016) (citation omitted).

Defendants do not dispute that the insurance policy issued by West Bend excludes coverage for claims involving the use of an automobile. However, they contend that the "allegations in the

7

underlying litigation are unclear" in that the Underlying Complaint alleges that Defendant Timothy Hall caused Hancock's roll-over by "accelerating towards him." Defendants point out that this allegation does not assert any physical contact between Hall and Hancock's vehicles and "admits the possibility that Hancock lost control of the vehicle and roll-over without any contact whatsoever." Defendants argue that, under the policy, they are entitled to coverage of the "non-contact" claim against them since it is ambiguous as to whether this claim involved an automobile.[2] West Bend counters that Defendants have misconstrued the insurance policy, which does not require contact between vehicles for the auto exclusion to apply, and that it is evident from the face of the Underlying Complaint that West Bend's policy does not apply.

Contrary to Defendants' argument, they have admitted in their Answer that the claims in the Underlying Complaint arise from allegations that the Underlying Plaintiffs were injured due to Hall's operation of a vehicle. And, as noted above, the Court must assume, for purposes of the present motion, that the allegations of the Underlying Complaint are true. *Perry*, 2016 WL 7497583, at *3. Despite Defendants' contention that the "allegations in the underlying litigation are unclear," they did not deny the material factual allegations necessary for resolution of the coverage issues. They further admitted that West Bend's policy excludes coverage for claims of "bodily injury" arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." Therefore, Defendants' only possible argument is that the accident somehow falls outside the automobile exclusion.

---

[2]  Defendants correctly note that "[i]f even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy." *Drexel Chem. Co. v. Bituminous Ins. Co.*, 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996).

The policy defines an "auto" as a "land motor vehicle, trailer or semitrailer designed for travel on public roads and any other land vehicle subject to compulsory or financial responsibility law or other motor vehicle insurance law where it is principally licensed or garaged." By statute in Tennessee, "Motor vehicle 'means every vehicle that is self-propelled.'" Tenn. Code Ann. § 55-8-101(41). Additionally, "'vehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a highway." Tenn. Code Ann. § 55-8-101(91).

As for Defendants' argument that, because the Underlying Complaint leaves open the possibility that there was no contact between the "side-by-side" driven by the Underlying Plaintiffs and the vehicle driven by Hall the exclusion does not apply, the Court agrees with West Bend that Defendants' argument is not persuasive. First, there is no dispute the the Underlying Complaint alleges that the Underlying Plaintiffs were injured as a result of Defendant Hall's operation of a motor vehicle, while the Underlying Plaintiffs were operating a utility vehicle. The Underlying Complaint asserts that Hall was using an "auto" at the time of the accident. There is no dispute that the basis of the allegations in the Underlying Complaint is acts of negligent or intentionally tortious conduct by Hall by virtue of his use and operation of a motor vehicle. As discussed above, in deciding a motion for judgment on the pleadings, the Court looks only to the allegations in the pleadings.

Second, even if Defendants are correct and there was no contact, the policy exclusion does not require contact between vehicles. Instead, the exclusion applies to claims of bodily injury which arise out of the "ownership, maintenance, use or entrustment" of any "auto." Thus, even if the Underlying Complaint "leaves open the possibility" that there was no contact between the two vehicles, that does not change the fact that the Underlying Plaintiffs claim they were injured because of Hall's use of his vehicle. This is a sufficient causal connection to establish that the

9

claims arise out of use of a motor vehicle. *See*, *e.g.*, *Drexel Chemical Co.*, 933 S.W.2d at 480 ("[T]he scope of our inquiry in determining whether Bituminous possesses a duty to defend is confined to the averments of the pleadings." (citation omittted)). Defendants' denial that those averments are true does not alter the analysis.

In support of its argument that the automobile exclusion applies even in the absence of contact between the parties' vehicles, Plaintiff West Bend relies in part on *Century Surety Company v. Education is the Key, LLC*, 716 F. Supp. 3d 612 (W.D. Tenn. 2024). In that case, the court found that an infant's death, after being left for hours in a car providing transportation to a daycare center, involved the "use of a vehicle" and, therefore, the incident fell within the auto exclusion to a business liability policy. *Id.* at 622. The insured argued that the infant's death was caused by its employee's negligence rather than by use of the vehicle. The court found to the contrary and determined that the negligence involved in failing to unload the infant fell within the definition of "use of a vehicle" under the auto exclusion and, thus, the insurer was not required to either indemnify or defend the insured.

Likewise, West Bend cites *Auto-Owners Ins. Co. v. England*, 2013 WL 3423817 (E.D. Tenn. July 8, 2013), in which the court found that an auto exclusion of a business owner's policy barred coverage for the owner's alleged negligence when an employee of the insured drove home from a holiday party while intoxicated and crashed his truck into a minivan which was occupied by the Goodmans. "The Goodmans allege that their injuries were the result of England driving while intoxicated and crashing into the Goodmans' minivan. Although they also allege that J.O. Adams was negligent in serving alcohol to England, their claims point to England's driving as the proximate cause of their injuries." *Id.* at *3.

10

Based on the underlying claims for the alleged use of a vehicle by Hall and the language in West Bend's policy excluding coverage for claims arising from the use or operation of a vehicle, the Court finds that West Bend's motion for judgment on the pleadings should be **GRANTED**. West Bend is entitled to a declaratory judgment that it owes no duties of defense or indemnity Defendants in the Underlying Litigation. The Clerk is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 24, 2026.